UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.C.,<br><br>            Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br><br>            Defendant. | Case No. 19-cv-04349-NC<br><br>**ORDER REMANDING CASE FOR FURTHER PROCEEDINGS** |

In this social security review, petitioner S.C. moves for this Court to remand his case for payment of benefits while the Commissioner of Social Security moves to remand the case for further proceedings. The question presented is narrow: both parties agree that, at S.C.'s hearing before an Administrative Law Judge, the government's Vocational Expert provided incorrect testimony. The parties disagree as to the remedy. The Court FINDS that further proceedings, rather than immediate payment of benefits, is necessary here because the record has not been fully developed and there is a need to resolve ambiguities by presentation of further evidence.

**I.    Background**

Petitioner S.C. filed for disability benefits on April 15, 2016. AR 149. He alleged disability beginning on October 22, 2013 based on stroke, weakness in his left shoulder, limited use of his left shoulder, slurred speech, depression, anxiety, impaired balance, high blood pressure, high cholesterol, and weakness in his left leg. AR 119–20, 134–35, 151–

52, 165–66. His application was denied initially and upon reconsideration. AR 185–88, 191–95. He requested a hearing before an ALJ, and one was held on June 28, 2018. AR 197–98, 13. The ALJ found S.C. not disabled. AR 10–29. The Appeals Council declined to review the ALJ's decision, making it final. AR 1–6. S.C. filed for this Court's review. ECF 1. Both parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). ECF 6, 9.

At the ALJ hearing, the government's Vocational Expert testified that an individual with S.C.'s impairments could perform work as a Counter Clerk, Laminating Machine Operator, and Mill Stenciler. AR 66–68. The VE testified that there were 450,300; 519,900; and 251,700 jobs available for those positions, respectively. *Id*. The VE reduced those numbers by 50 percent to account for S.C.'s manipulative limitations. *Id*. The VE testified that the evidentiary basis for this data was "the Dictionary of Occupational Titles and software program Job Browser Pro." AR 73.

The day after the ALJ hearing, S.C.'s attorney submitted post-hearing objections to the VE's testimony. AR 340–43. Specifically, S.C.'s attorney objected to the number of jobs available in the positions listed by the VE. *Id*. S.C.'s attorney noted that the VE appeared to have provided job numbers for entire classifications of jobs, rather than numbers for the specific occupations listed. *Id*. Later, S.C.'s attorney obtained a copy of Job Browser Pro software and learned that there existed 1,594 Counter Clerk positions, 327 Laminating Machine Operator positions, and 112 Mill Stencilers. AR 45–47. The ALJ did not address the petitioner's post-hearing objections in her written opinion.

## II.     Legal Standard

If the district court finds error in an ALJ's decision, the court may remand the case for additional evidence or remand for payment of benefits. *Trevizo v. Berryhill*, 870 F.3d 664, 682 (9th Cir. 2017). In determining whether the case should be remanded for further proceedings, the court should assess whether those proceedings would be useful and whether outstanding issues are unresolved. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1099, 1105 (9th Cir. 2014). Further proceedings are useful when conflicts or

ambiguities in the record must be resolved. *Id*. at 1101.

### III.  Discussion

Here, S.C. argues that the Court should remand his case for immediate payment of benefits rather than for further proceedings. ECF 14 at 10–11. He argues that remanding for further proceedings would be a "massive waste of judicial and agency resources" and instead proposes that the Commissioner provide updated accurate job numbers for this Court to review. *Id*. He also suggests that remand for further proceedings could allow the Commissioner to "indefinitely evade—potentially forever—his obligations" to award benefits. ECF 23 at 2–3. This could occur because the Commissioner could intentionally present false information at an ALJ hearing, and then do so again at the second ALJ hearing ordered by this Court, and again and again forever as a "kangaroo court." *Id*.

This Court has no evidence before it to suggest that the VE's inaccurate testimony was provided in bad faith. Rather, based on S.C.'s explanation of events, it appears at least possible that the VE made an accidental error by citing job numbers for categories of occupations instead of for specific occupations within those categories. So, this Court declines to find any bad faith on behalf of the Commissioner here.

However, the Court sympathizes with S.C.'s concerns about additional delay in the adjudication of his claim and about the theoretical potential for wrongdoing. The Court agrees that S.C.'s application for benefits should not have been delayed by this error. For that reason, the Court hereby ORDERS that if S.C. seeks review of his next ALJ hearing, the Commissioner must provide a copy of this Order to the reviewing district court judge to ensure a record of any pattern of such false testimony.

The Court hereby FINDS that the ALJ erred by not addressing S.C.'s post-hearing objection in her written opinion. The objection was properly filed according to SSA policy. 20 CFR 404.935(b)(3); 416 1435(b)(3). It appears that the objection rightly criticized the VE's testimony—the Commissioner now admits that "the job numbers identified by the ALJ and VE in this case are unsupported." ECF 21 at 4. This error by the ALJ must be corrected on remand.

Specifically, the ALJ must hear new testimony from a vocational expert to determine what jobs the petitioner can perform. The vocational expert must provide accurate data as to the number of those jobs that exist in the national economy. The ALJ must consider that data in reaching a new conclusion as to whether the petitioner is disabled.

The Court declines the petitioner's request to receive this evidence directly. This Court serves to review ALJ decisions, not to conduct its own hearings on the merits of the disability application. Petitioner only cited one case where the reviewing district court invited the Commissioner to present evidence: *Giampaoli v. Califano*, 628 F.2d 1190, 1196 (9th Cir. 1980). That case presented different circumstances than these. In *Giampaoli*, the Department of Health, Education and Welfare (a predecessor of the Social Security Administration) failed to hold a second hearing after the district court remanded for further proceedings; that order was apparently "lost." *Id*. at 1192. After the Department admitted its error in response to an order to show cause, it again failed to set a hearing date. *Id*. at 1193. The "exasperated" district court judge invited the Department to file directly its relevant evidence, but it did not respond, so the judge found in favor of the petitioner. *Id*. Here, in contrast, the Court has no reason to believe at this time that the Commissioner will fail to schedule a further hearing to hear the necessary further evidence.

**IV.     Conclusion**

The Court FINDS that the ALJ erred in relying upon the VE's inaccurate data and erred further by not addressing the petitioner's objection to that data in her written opinion. This case is hereby REMANDED for further proceedings. The ALJ must hear new testimony from a VE to determine what jobs, if any, the petitioner is able to perform and in what number those jobs exist in the national economy.

The Court also ORDERS that if S.C. seeks review of his next ALJ hearing, the Commissioner must provide a copy of this Order to the reviewing district court judge.

4

**IT IS SO ORDERED.**

Dated:  May 1, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge